**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAJID MAHTAB JAFARLOU,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, et al.,<br><br>                              Respondents. | Case No.:  3:26-cv-00790-RBM-MSB<br><br>**ORDER SCREENING HABEAS PETITION** |

On February 6, 2026, Petitioner Majid Mahtab Jafarlou ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.)  For the reasons below, the Petition is **DISMISSED without prejudice**.

**I.    DISCUSSION**

The Court is required to screen habeas corpus petitions to determine whether they are subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," *id.*, or "where the allegations in the petition are vague or conclusory." *Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) (citation omitted).

1

The Court finds that Petitioner's claims are vague or conclusory in that they do not state grounds for relief, such as violations of a statute, the Fifth Amendment's Due Process Clause, the Immigration and Nationality Act, or the Administrative Procedure Act.  The Petition also appears to challenge the merits of Petitioner's removal order or other determinations by an immigration judge.  For example, Petitioner states "wrongful detention . . . in custody since 10/02/2025 (baseless final removal order) . . . bad conditions at detention center . . . on 1/26/2026 an application for cancellation of removal was sent to DHS and immigration court." (Doc. 1 at 6–7.)  The Court does not have jurisdiction over such claims.  *See Guerrier v. Garland*, 18 F.4th 304, 309 (9th Cir. 2021) (noting that binding precedent "would seem to foreclose . . . the petitioner's request for review of an immigration judge's negative credible fear determination"); 8 U.S.C. § 1252(g) (precluding jurisdiction over the Attorney General's decision "to commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]").  Therefore, summary dismissal of the Petition is required.

Petitioner also asks the Court to "appoint FDSI for [his] habeas and submit a petition for 'TRO.'"  (Doc. 1 at 8.)  The Court construes this as a motion to appoint counsel.  "Whenever the United States magistrate judge or the [C]ourt determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . (B) is seeking relief under section 2241, 2254, or 2255 of title 28."  18 U.S.C. § 3006A(a)(2).  A "financially eligible person" is one who is "financially unable to obtain adequate representation in accordance with this section."  *Id.* § 3006A(a).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citations omitted).

Here, Petitioner includes no information regarding whether he is financially unable to obtain adequate representation.  Accordingly, the Motion to Appoint Counsel is **DENIED without prejudice**.

2

3:26-cv-00790-RBM-MSB

## II.    CONCLUSION

For the reasons above, the Petition (Doc. 1) is **DISMISSED without prejudice** and the motion to appoint counsel is **DENIED without prejudice**.

On or before **March 13, 2026**, Petitioner may file an amended Petition and an amended motion to appoint counsel addressing the issues identified above.

**IT IS SO ORDERED.**

DATE:  February 13, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE